United States District Court

For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*, | No. C-05-2043 EMC |
| Petitioners, | |
| v. | **REPORT AND RECOMMENDATION RE PETITIONERS' VERIFIED PETITION TO ENFORCE IRS SUMMONS** |
| DAVID L. WESSEL, | |
| Respondent. | **(Docket No. 1)** |

On May 19, 2005, Petitioners filed a verified petition to enforce an IRS summons with respect to Respondent David L. Wessel. The Court held a hearing on the petition on August 31, 2005. Mr. Wessel failed to appear at the hearing. He also failed to provide any written response to the petition or this Court's order to show cause (as discussed below). Having considered Petitioners' papers and all other evidence of record, the Court hereby recommends that the petition be GRANTED.[1]

### I.   FACTUAL & PROCEDURAL BACKGROUND

According to the petition, Petitioners tried "to determine certain income tax liabilities of DAVID L. WESSEL for the taxable years ending December 31, 1992; December 31, 1993; December 31, 1994; December 31, 1995; December 31, 1996; December 31, 1997; December 31, 1998; December 31, 1999; December 31, 2000; December 31, 2001[,] and December 31, 2003."

---

[1] Because Mr. Wessel has not consented to proceed before a magistrate judge, the undersigned has prepared a report and recommendation only and hereby directs the Clerk of the Court to reassign this case to a district judge.

Pet. ¶ 3. Petitioners believed that Mr. Wessel had in his possession and control documents relevant to the IRS's inquiry. *See id.* ¶ 6. Accordingly, on February 24, 2005, an IRS employee served a summons on Mr. Wessel by hand, requesting an appearance as well as the production of certain documents. *See id.* ¶ 7 & Ex. A. While Mr. Wessel appeared as requested in the summons, he did not provide any testimony nor did he produce any of the documents sought. *See id.* ¶ 9. Petitioners thus filed their verified petition.

On June 27, 2005, the Court issued an order to show cause, giving Mr. Wessel an opportunity to explain why the IRS summons should not be enforced. Petitioners were instructed to serve the order to show cause, along with the verified petition, in accordance with Federal Rule of Civil Procedure 4. *See* Docket No. 6 (order, filed on 6/27/05). Petitioners have submitted evidence showing that these documents were properly served on Mr. Wessel in compliance with Rule 4. *See* Docket No. 8 (Low declaration, confirming personal service on Mr. Wessel). However, Mr. Wessel never filed a written response to the order to show cause or the verified petition; nor did he appear for the hearing on this matter on August 31, 2005.

## II. DISCUSSION

"The IRS may issue a summons only for the purposes set out in 26 U.S.C. § 7602(a). Those purposes are 'ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax . . . or collecting any such liability.'" *Crystal v. United States*, 172 F.3d 1141, 1143 (9th Cir. 1999) (quoting § 7602(a)). To enforce a summons, the government must satisfy the factors set forth in *United States v. Powell*, 379 U.S. 48 (1964). That is,

> the government must establish that (1) the investigation will be conducted for a legitimate purpose; (2) the material being sought is relevant to that purpose; (3) the information sought is not already in the IRS's possession; and (4) the IRS complied with all the administrative steps required by the Internal Revenue Code. "The government's burden is a slight one, and may be satisfied by a declaration from the investigating agent that the [above] requirements [known as the *Powell* requirements] have been met. The burden is minimal "because the statute must be read broadly in order to ensure that the enforcement powers of the IRS are not unduly restricted."

*Crystal*, 172 F.3d at 1143-44.

2

That being said, the government's "mere assertion of relevance may not satisfy [its] burden. 'Once a summons is challenged, it must be scrutinized by a court to determine whether it seeks information relevant to a legitimate investigative purpose. . . . The cases show that the federal courts have taken seriously their obligation to apply this standard to fit particular situations, either by refusing enforcement or by narrowing the scope of the summons.'" *United States v. Bell*, 57 F. Supp. 2d 898, 906 (N.D. Cal. 1999).

> Once the government has established the *Powell* elements, "'those opposing enforcement of a summons . . . bear the burden to disprove the actual existence of a valid civil tax determination or collection purpose by the Service. . . . Without a doubt, this burden is a heavy one.'" As we observed in *Derr*, "enforcement of a summons is generally a summary proceeding to which a taxpayer has few defenses." "'The taxpayer must allege specific facts and evidence to support his allegations' of bad faith or improper purpose."
>
> "The taxpayer 'may challenge the summons on any appropriate grounds,' including failure to satisfy the *Powell* requirements or abuse of the court's process." "Such an abuse would take place if the summons had been issued for an improper purpose, such as to harass the taxpayer or to put pressure on him to settle a collateral dispute, or for any other purpose reflecting on the good faith of the particular investigation." In addition, it has become clear since *Powell* that gathering evidence after having decided to make a recommendation for a prosecution would be an improper purpose, and that the IRS would be acting in bad faith if it were to pursue a summons enforcement under these circumstances. . . . [T]he 'dispositive question in each case' is 'whether the Service is pursuing the authorized purposes in good faith.'"

*Crystal*, 172 F.3d at 1144-45.

In the instant case, Petitioners have met their burden of meeting the *Powell* requirements, largely through the verification of the petition by Douglas M. Kelly, an IRS employee. *See id.* at 1144 (stating that it was not disputed that special agent's declaration satisfied the *Powell* requirements and that therefore the government had "established a prima facie case to enforce the summonses"); *see also United States v. Dixon*, No. 02-CV-183 H, 2002 U.S. Dist. LEXIS 10594, at *3 (S.D. Cal. Apr. 8, 2002) ("Assertions in a declaration by an investigating officer can satisfy the IRS's burden."); *Bell*, 57 F. Supp. 2d at 906 ("The government usually makes the requisite *prima facie* showing by affidavit of the agent.").

3

1    The verified petition indicates that the IRS's investigation is being conducted for a legitimate
2    purpose, namely, to determine the federal tax liabilities of Mr. Wessel for certain periods of time.
3    *See* Pet. ¶¶ 3, 8.  The summons is relevant to that purpose, asking Respondent to appear and bring
4    with him documents related to his taxable income (*e.g.*, statements of wages, statements regarding
5    interest or dividend income, bank records), *see id.*, Ex. A; and the information sought is not already
6    in the IRS's possession.  *See id.* ¶ 6 (stating that government does not have "access, possession, or
7    control" of information sought).  Finally, as stated in the verified petition, the IRS complied with all
8    the administrative steps required by the Internal Revenue Code -- "in particular, that 'the Secretary or
9    his delegate,' after investigation, has determined the further examination to be necessary and has
10   notified the taxpayer in writing to that effect."  *Powell*, 379 U.S. at 58.  *See* Pet. ¶ 11 ("All
11   administrative steps required by the Internal Revenue Code for issuance of the summons have been
12   taken."); *id.* ¶ 7 & Ex. A (confirming service of summons on Mr. Wessel by hand as required by 26
13   U.S.C. § 7603).

14   Because Petitioners have established the *Powell* elements, the burden shifts to Mr. Wessel to
15   disprove the actual existence of a valid civil tax determination or collection purpose.  As noted
16   above, here, Mr. Wessel has failed to provide any response to the order to show cause and/or verified
17   petition.  Nor did he appear at the hearing before this Court on August 31, 2005.  Accordingly, Mr.
18   Wessel has not met his burden and the Court therefore recommends that Petitioners' verified petition
19   to enforce IRS summons be granted.

### III.    RECOMMENDATION

21   For the foregoing reasons, the Court recommends that the petition be granted and that an
22   order be issued enforcing the IRS summons -- *i.e.*, instructing Mr. Wessel to appear before the IRS
23   on a date certain to provide testimony and produce documents in compliance with the summons.
24   Petitioners have submitted a proposed order, which is attached to this report and recommendation.
25   ///
26   ///
27   ///
28   ///

4

1   Any party may file objections to this report and recommendation with the district judge
2   within ten days after being served with a copy. See 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b);
3   Civil L.R. 72-3. **Petitioners are instructed to serve a copy of this report and recommendation**
4   **on Mr. Wessel within three days of the filing date of this report and recommendation.**

6   IT IS SO ORDERED.

8   Dated: September 2, 2005

_____
EDWARD M. CHEN
United States Magistrate Judge

5